**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Supreme Court

Nancy R. Beach, Respondent,

v.

Gresham Communications of Walterboro, Inc.,a/k/a Gresham Communications, Inc., Gresham Broadcasting, Inc., and Rudy H. Gresham, Appellants.

Appellate Case No. 2009-112326

Appeal From Colleton County
Harris Beach, Special Referee

Memorandum Opinion No. 2012-MO-028
Heard June 6, 2012 – Filed July 11, 2012

**AFFIRMED**

Jackson Seth Whipper, of Whipper Law Firm of N. Charleston, for Appellant.

W. Andrew Gowder, Jr. and Daniel Simmons McQueeney, Jr., both of Pratt-Thomas Walker, of Charleston, for Respondent.

**PER CURIAM:** This is the fourth appeal from orders issued following supplemental proceedings which were commenced against appellants in 2006. We affirm.

In June 1998, respondent Beach obtained a $61,903.10 default judgment against respondents Gresham Communications and Gresham individually. Beach remains the named appellant although she subsequently assigned her interest to Caswell Communications, Inc. and Caswell Capital Partners LP (Caswell) in 2006. Gresham is no longer involved in the litigation and Gresham Communications' current principal is William Saunders.

In 2006, Caswell initiated supplemental proceedings against Gresham. Following a hearing at which Saunders was questioned under oath, the court issued an order purporting to attach the FCC license which Saunders had testified was Gresham's sole asset, and ordering it sold at a sheriff's sale. Gresham's appeal of this order was dismissed by the Court of Appeals in December 2006 for failure to prosecute. (First Appeal). In connection with this appeal, Gresham filed a motion to stay the judicial sale of the license. In February 2007, after the Court of Appeals had dismissed Gresham's appeal of the sale order, the motion to stay was dismissed as moot, the judicial sale date was reset, and Gresham was ordered to fully and timely cooperate in the assignment of its license to the successful bidder.

After Caswell successfully bid on the license at the judicial sale, it moved the court to appoint a receiver as Gresham was not cooperating as ordered in February 2007. The court initially declined Caswell's request in February 2007 (ROA p.13) but following Gresham's continued noncooperation with the license transfer appointed Charles Cherry as receiver in March 2007. Gresham appealed this order, which was affirmed by the Court of Appeals in 2008. *Beach v. Gresham Comm.*, 2008-UP-628 (S.C. Ct. App. filed November 12, 2008). (Second Appeal). The Court of Appeals held the legality of the judicial sale was the law of the case, apparently relying upon Gresham's abandonment of its 2006 appeal from the sale order, and that the appointment of Receiver Cherry was within the judge's discretion. *Id.*

On April 3, 2007, the FCC staff approved the [involuntary] transfer of the license from Gresham to Receiver Cherry. The record contains an FCC order dated March 3, 2009, in which the FCC found that the referee's purported attachment of the FCC license in 2006 was void *ab initio*. In that same order, the FCC nonetheless found that the appointment of Receiver Cherry in March 2007 was valid, and that the Involuntary Assignment Application from Gresham to Receiver Cherry

approved by FCC staff on April 3, 2007, was valid.[1]  The 2009 FCC order concludes:

> [N]ot withstanding the invalidity of the State Court Order *vis-à-vis* attachment of the [license] because we find no reason to overturn the staff's action granting the Involuntary Assignment Application . . . .

> IT IS FURTHER ORDERED, that the Application . . . for consent to assign the license . . . from Cherry . . . to Caswell . . . is GRANTED.

After Cherry received authority over the license from the FCC on April 3, 2007, and while Gresham's appeal (Second Appeal) of the March 2007 order approving the sale and appointing Cherry was pending, Cherry and Caswell entered an agreement to transfer the license from Cherry to Caswell and filed an application for FCC transfer on April 6, 2007.  In April 2007, the referee issued an order requiring Gresham to cooperate with Cherry in effectuating his duties, and warning that Gresham would be subject to contempt if it failed "to render any and all assistance necessary to allow Cherry to fulfill his duties . . . ."

In May 2007, Gresham filed a "Petition to Deny" with the FCC seeking to prevent Cherry from transferring the license to Caswell in direct contravention of the unappealed April 2007 state court order.  Attached to this petition was an affidavit which went especially to Gresham's argument that the attempted conveyance was of a "Bare License" in violation of FCC policy.  According to this affidavit dated May 11, 2007:

> 3.  The WPAL-FM tower, transmission equipment, studio equipment, files, tower land lease, programming rights, and trademark and other intellectual property, all continue to be under the ownership and control of [Gresham].

---

[1] The appointment of Cherry as receiver and the FCC staff's approval of the involuntary license transfer from Gresham to Cherry occurred in the first few months of 2007, well before the judgment lost its "active energy" on June 4, 2008.

As a result of this filing and other actions, the referee issued a Rule to Show Cause on June 25, 2007.

At the hearing on the June 2007 Rule held on August 22, 2007, Saunders testified and admitted that Gresham owned assets, including real estate, that were not disclosed at the supplemental proceeding in September 2006.  Based on the evidence at this hearing, the referee held Saunders' testimony at the 2006 supplemental proceeding was not truthful nor was his testimony at the August 2007 hearing concerning his understanding and intent in answering the questions under oath at the 2006 supplemental proceeding; that Saunders' willful and knowing dissemination of false testimony unnecessarily prolonged the case and increased Caswell's burden, as did his use of false testimony before the FCC to argue against the state court orders; and that therefore Gresham's May 11, 2007, affidavit attached to the FCC filing was false.

The court held appellants in civil contempt for willfully introducing false and misleading evidence before both the referee and the FCC, and held Saunders and Gresham were judicially estopped from denying that the 2007 judicial sale transferred all of Gresham's interest in the radio station's assets.

The referee concluded by ordering:

> (1)  Saunders and Gresham to immediately turn over all assets to receiver Cherry, including paying all sums due necessary to release assets held by a landlord, and that failing to do so would subject them to further contempt sanctions;
>
> (2)  that the sale order be amended to include not only the proceeds of the license sale but also all the assets held by Gresham related to the station;
>
> (3)  Saunders and Gresham to pay all of Caswell's attorneys' fees and costs incurred since the supplemental proceeding on September 20, 2006, and to pay all of receiver Cherry's fees and costs since his appointment;
>
> (4)  Gresham and Saunders be enjoined from taking any further action to oppose the license application process to the extent their objection rests on Saunders' false testimony; and

> (5) Gresham and Saunders to turn over all information related to Gresham's real estate holdings.

Gresham's untimely attempt to appeal this November 2007 contempt order was dismissed by the Court of Appeals in March 2008. (Third Appeal). Accordingly, the holdings of this order, including the validity of the sale, its inclusion of all Gresham's assets, and the contempt finding are the law of the case.

In April 2008, Gresham filed a "Notice of Redemption and Tender of Payment" in state court, simultaneously depositing $106,268.78 with the clerk of court to "redeem" the judgment. Caswell filed a return, questioning the right to redeem and asking that the $106,268.78 be released to receiver Cherry as (yet another) previously undisclosed Gresham asset. Caswell also sought a contempt order alleging appellants were continuing to obstruct the FCC's consideration of the application for approval of the license transfer from receiver Cherry to Caswell. These pleadings led to the orders presently on appeal.

In June 2008, the referee filed an order rejecting the redemption request and ordering the deposit be paid over to receiver Cherry. Gresham moved to reconsider this June order, and a hearing was set for June 23, 2008. At the June 2008 hearing, Gresham moved for the first time to set aside the judicial sale on the ground the original judgment had expired before the license transfer had been completed. Gresham subsequently confirmed the "redemption" money came from a third party. Finally, in October 2008, Gresham moved to set aside the judicial sale for inadequate consideration. The referee did amend his final order originally issued in June 2008, ordering that the redemption money be released to the third party. This order did not address the issue nor did it rule on the inadequacy of consideration claim.

Gresham has now appealed the June 2008 and December 2008 orders (Fourth Appeal).

We have carefully considered the arguments of appellants' able counsel. Having considered these arguments, as well as those of the respondent, and having reviewed the entire record, we affirm the appealed orders. With the affirmance of this fourth appeal from these supplemental proceedings, it is our intent to end all state court proceedings challenging the transfer of the license to receiver Cherry and any other issue arising from these supplemental proceedings. We instruct counsel to urge appellants to abide by all state court orders, and we expect that such advice will be heeded. Should the necessity arise, nothing in this opinion

shall be construed as preventing respondent from bringing appropriate proceedings to enforce the state court orders.

The orders under appeal are

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**